**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

IN RE GRAND JURY SUBPOENAS
Nos. 2026R00046-0010, 2026R00046-0019
2026R00046-0021, 2026R00046-0022
2026R00046-0023, 2026R00046-0024
2026R00046-0036, 2026R00046-0037

Case No. [redacted]

**ORDER TO UNSEAL**

---

On September 3, 2026, Google LLC ("Google") moved to unseal briefing and orders regarding the January 29, 2026 non-disclosure order ("NDO") entered by United States Magistrate Judge Jon T. Huseby. The Government originally served the NDO on Google concurrent with eight grand jury subpoenas in April 2026. The subpoenas sought subscriber information for two Gmail accounts and six YouTube accounts relating to *United States v. Levy Armstrong*, Case No. 26-cr-25 (LMP/DLM). After Google received the NDO and subpoenas, it moved to modify the NDO to allow it to disclose the existence of the subpoenas to its subscribers. On May 27, 2026, the Government notified the Court that it had withdrawn the subpoenas. The Court subsequently vacated the NDO.

All of these documents are under seal because they relate to a sealed grand jury proceeding. Google now seeks to unseal those documents. On September 18, 2026, the Government informed the Court that it did not object to the unsealing so long as the unsealed matters are "collateral" to the ongoing grand jury proceedings.

---

[1] Upon referral from then-Chief Judge Patrick J. Schiltz on May 12, 2026, this Court received Google's motion to vacate or modify the January 29, 2026 nondisclosure order entered by United States Magistrate Judge Jon T. Huseby.

FILED 10/28/2026
KATE M. FOGARTY
JUDGMENT ENTD
DEPUTY CLERK

[redacted]

Federal Rule of Criminal Procedure 6(e) provides that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Rule 6(e) therefore "establishes a 'general rule of confidentiality for all matters occurring before the grand jury.'" *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quoting *United States v. Smith*, 123 F.3d 140, 148 (3d Cir. 1997)). The secrecy of grand jury proceedings also extends to collateral proceedings such as the one at issue here. *See id.* Although it is generally true that materials relating to grand jury proceedings are likely to reveal grand jury matters, here, the public is aware that the grand jury exists and that the government has attempted to obtain information through search warrants from the subpoenaed accounts. *See, e.g.*, *Levy Armstrong*, ECF No. 612-7 (publicly filed administrative subpoena of five of the YouTube accounts subject to the NDO); *id.* ECF No. 642-4 (same); *see also id.* ECF No. 642-3. Several individuals who are apparent owners of the subpoenaed accounts have also been indicted. *See id.* ECF No. 39. As these matters are already public, nothing in the materials relating to the January 29, 2026 NDO could compromise the ongoing criminal investigation, which has resulted in the indictment of close to 40 defendants. *See id.* ECF Nos. 39, 144.

For these reasons, the Court ORDERS that a miscellaneous matter be opened and that this Order and the referenced filings listed below be unsealed and docketed in that matter on November 9, 2026:[2]

1. This Order;
2. Motion for Admission Pro Hac Vice of Ari Holtzblatt of May 5, 2026;
3. Notice to the Court of Possible Related Case of May 5, 2026;
4. Google LLC's Notice of Motion and Motion To Vacate or Modify Nondisclosure Order and To Stay Compliance with Subpoenas of May 5, 2026;
5. Google LLC's Memorandum in Support of Motion To Vacate or Modify Nondisclosure Order and To Stay Compliance with Subpoenas of May 5, 2026;
6. Declaration of Ari Holtzblatt in Support of Google LLC's Motion To Vacate or Modify Nondisclosure Order and To Stay Compliance with Subpoenas of May 5, 2026, and attached Exhibits 1–29;
7. Google LLC's Proposed Order of May 5, 2026;
8. (Text-Only) Order of May 6, 2026;
9. Motion for Admission Pro Hac Vice of Claire Guehenno of May 11, 2026;
10. (Text-Only) Order of May 11, 2026;
11. Order of May 12, 2026;
12. Order of May 13, 2026;
13. Government's Response to Google's Motion To Vacate Non-Disclosure Order Re. Subject Grand Jury Subpoenas of May 27, 2026 (Certificate of Service of May 28, 2026);
14. Order of May 28, 2026;

[2] The Court does not identify the documents by docket number because the docket numbers remain under seal in grand jury filings.

15. Supplement to Government's Response to Google's Motion To Vacate Non-Disclosure Order Re. Subject Grand Jury Subpoenas of June 9, 2026 (Certificate of Service of June 9, 2026);

16. Google LLC's Reply to the Supplement to the Government's Response to Motion To Vacate of June 10, 2026 (Certificate of Service of June 11, 2026);

17. Order of June 11, 2026;

18. Government's Response to Google's Reply Brief Re. Motion To Vacate Non-Disclosure Order Re. Subject Grand Jury Subpoenas of June 24, 2026 (Certificate of Service of June 24, 2026);

19. Google LLC's Reply to Government's June 24 Brief Regarding Google's Motion To Vacate of June 26, 2026 (Certificate of Service of June 26, 2026);

20. Order of June 30, 2026;

21. Google LLC's Motion To Unseal of September 3, 2026;

22. Google LLC's Proposed Order of September 3, 2026;

23. Order of September 4, 2026;

24. Government's Response to Google's Motion To Unseal Proceedings Re. Google's Efforts To Vacate Omnibus Non-Disclosure Order Re. Subject Grand Jury Subpoenas of September 18, 2026 (Certificate of Service of September 18, 2026); and

25. Google LLC's Letter of October 20, 2026.

The Court will stay the unsealing of this Order and the above-mentioned materials for a week to give the parties one final opportunity to identify any additional materials that should remain sealed or be redacted.

## CONCLUSION

For these reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Google LLC's unopposed Motion To Unseal is **GRANTED**,

and, on November 9, 2026, the case materials listed above will be filed in a miscellaneous case with only the grand jury case number redacted, absent objections from either party. On or before November 4, 2026, any party may file a memorandum identifying any materials listed in this Order that should remain sealed or propose redactions to documents that otherwise may be unsealed. The memorandum must identify the documents or proposed redactions with specificity, provide a rule or case citation for continued sealing or redaction, and provide the opposing party's position on the continued sealing or redaction.

Dated: October 28, 2026

*s/ Laura M. Provinzino*
Laura M. Provinzino
United States District Judge