RECEIVED
SEP 03 2026
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE GRAND JURY SUBPOENAS NOS. 2026R00046-0010, 2026R00046-0019, 2026R00046-0021, 2026R00046-0022, 2026R00046-0023, 2026R00046-0024, 2026R00046-0036, and 2026R00046-0037 | Case No. [redacted]<br><br>**FILED UNDER SEAL** |

## GOOGLE LLC'S MOTION TO UNSEAL

Google LLC ("Google") respectfully moves this Court to unseal the briefing and orders regarding the government's non-disclosure order ("NDO"), including all filings by Google and the government and all orders of the Court. There is no longer any basis for sealing these judicial records because the NDO that they concern has been vacated by the Court. Neither the Stored Communications Act nor Federal Rule of Criminal Procedure 6(e) bar disclosure of the existence of the subpoenas in question. Members of the public, moreover, have a strong interest in transparency of judicial proceedings and in access to records, like these, involving a highly publicized government investigation.

*First*, the "common-law right of access to judicial records" warrants unsealing of the briefing and orders regarding the government's NDO. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The records at issue involve a highly publicized government investigation. Public access to these records will therefore further the public's strong interest in transparency. The fact that these records arise in a proceeding collateral to a grand jury does not justify keeping them under seal, because unsealing these particular records will not reveal matters occurring before a grand jury.



FILED 9/3/2024
KATE M. FOGARTY
JUDGMENT ENTD
DEPUTY CLERK

[redacted]

Because the public's need for these important records outweighs any possible prejudice from disclosure, the Court should unseal them.

*Second*, the First Amendment right of access to judicial records also supports unsealing the briefing and orders regarding the government's NDO. *See Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8-9 (1986). Judicial records have historically been open to public inspection. And there is no reason to treat these judicial records any differently. They concern law enforcement requests for account information, which are by default subject to public disclosure and in practice frequently disclosed by the providers who receive them. Public access to these records will, moreover, further transparency in judicial proceedings. Purported interests in grand-jury secrecy or investigation integrity do not justify keeping these documents under seal.

Counsel for Google communicated several times with counsel for the government to determine the government's position on this motion, but the government did not provide its position by the time of filing.

## ARGUMENT

### I. THE PUBLIC HAS A COMMON-LAW RIGHT OF ACCESS TO THESE RECORDS

The Supreme Court has "recognize[d] a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon*, 435 U.S. at 597. "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013). In general, "[u]nless there is a compelling reason to keep

information secret, the public has a right to know what arguments and evidence have been presented to a court, so that the public can fully assess the court's exercise of its authority." *Truong v. UTC Aerospace Sys.*, 439 F. Supp. 3d 1171, 1172 (D. Minn. 2020).

In determining whether "sealing a judicial record would interfere with the interests served by the common-law right of access," *IDT Corp.*, 709 F.3d at 1223, courts in this district consider the six factors articulated by the D.C. Circuit in *United States v. Hubbard*, 650 F.2d 298 318 (D.C. Cir. 1980). *See Krause v. Integra LifeSciences Corp.*, 2026 WL 296505, at *1 (D. Minn. Feb. 4, 2026). Those are "(1) the need for public access to the documents; (2) the extent of previous public access to the documents; (3) whether someone has objected to disclosure of the documents, and if so, the identity of that person; (4) the strength of any asserted property or privacy interests; (5) potential prejudice to the party opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Id.*

The Court should unseal all of the briefing and orders regarding the government's NDO because the only reason they were sealed in the first place—the NDO—no longer applies. Moreover, the *Hubbard* test overwhelmingly favors unsealing: four of the six *Hubbard* factors favor unsealing, one is neutral, and only one weighs slightly against unsealing if the government opposes unsealing.

***Factor One***: The need for public access to the documents weighs strongly in favor of unsealing. To begin, the public has a significant interest in accessing judicial records like those at issue here, which "bolsters public confidence in the judicial system" by

furthering transparency. *IDT Corp.*, 709 F.3d at 1222. As the D.C. Circuit has held, both the Court's orders—which are "core 'to the transparency of the court's decisionmaking process'"—and the parties' submissions—which were "intended to influence the court"—are presumptively available to the public. *See In re Leopold*, 964 F.3d 1121, 1128 (D.C. Cir. 2020).

The public's interest in accessing the judicial records here is particularly strong. To begin, the public's interest in access is heightened where, as here, the actions of the government are at issue. *See Steele v. City of Burlington*, 334 F. Supp. 3d 972, 981 (S.D. Iowa 2018). The records here also relate to the government's conduct of a highly publicized investigation. Decl. of Ari Holtzblatt in Support of Mot. to Vacate (Holtzblatt Decl.) Exs. 11-24. Without access to the filings in this case, the public will remain in the dark about the questions of significant public interest implicated by the briefing and orders regarding the government's NDO.

Google also has a strong interest in ensuring public access to these materials. Google has a long history of seeking to notify its users about law enforcement requests for their data and has advocated for sensible limitations on the government's use of NDOs. *See* Holtzblatt Decl. Exs. 25-26. Google therefore challenges improper NDOs attached to law enforcement requests. Unsealing the records here will further Google's interest in transparent communication with its users and the public.

***Factor Two***: Factor two, "the extent of previous public access to the documents," is neutral because there is "no previous access to weigh." *Hubbard*, 650 F.2d at 318-319.

***Factor Three***: Factor three weighs only "slightly" against unsealing to the extent the government objects to disclosure. *See In re Press Application for Access to Judicial Records in Case No. 23-sc-31*, 704 F. Supp. 3d 161, 171 (D.D.C. 2023).

***Factor Four***: Factor four, "the strength of any asserted property or privacy interests," weighs in favor of unsealing because the government can point to no privacy interest that overcomes the public's interest in disclosure. There is no basis for continuing to maintain the records of this case under seal because the sole ground for sealing them (the NDO) is now gone. The government itself stipulated in the course of this proceeding regarding the NDO that Google should "be relieved from complying with the NDO." Govt. June 24, 2026 Resp. at 4. In fact, the government argued that the case was moot even before the NDO was vacated because it believed that Google could "communicate to its accountholders" the "fact that the Government attempted to subpoena the account-holders' subscriber information." *Id.* The government's recognition that Google should be free to speak about its litigation surrounding the subpoenas here undermines any suggestion that the briefing and orders regarding the government's NDO should remain private.

Nor does the fact that the briefing and orders regarding the government's NDO reference grand jury subpoenas justify keeping them under seal. The government investigation in which these subpoenas arose has been heavily publicized, including by the government itself. *See* Holtzblatt Decl. Exs. 11-24. The public knows of the existence of the grand jury, as the grand jury returned an original indictment and superseding indictment, both of which have already been unsealed. *See United States v.*

*Armstrong*, No. 26-cr-25 (D. Minn. Jan. 29, 2026), Dkt. 39; *Armstrong* (D. Minn. Feb. 26, 2026), Dkt. 144. The public also knows about the government's efforts to obtain subscriber information for some of the same accounts targeted by the grand jury subpoenas here, through the unsealing of search warrant applications and the April 3, 2026, Department of Homeland Security administrative summons served on Google. *See Armstrong* (D. Minn. May 27, 2026), Dkt. 525 & Exs. D-E; *Armstrong* (D. Minn. Aug. 7, 2026), Dkt. 611 & Ex. G.

As Chief Judge Schiltz recently recognized, "the general policies underlying the need for grand-jury secrecy" do not weigh against unsealing of materials in a proceeding "collateral" to the grand jury unless they would "reveal a matter occurring before the grand jury." *In re Grand Jury Subpoenas*, 2026 WL 1783899, at *10 (D. Minn. June 22, 2026) (citing *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009)). In *McDougal*, the Eighth Circuit held that the right of public access was not implicated where disclosure in a collateral matter would reveal a matter before the grand jury. 559 F.3d at 840. But as Chief Judge Schiltz explained, where "the existence of the grand-jury matter, as well as the existence of the subpoenas themselves, have already been publicly revealed," unsealing the records of a matter collateral to a grand jury is unlikely "to reveal grand-jury matters." *See In re Grand Jury Subpoeans*, 2026 WL 1783899, at *11.

That decision aligns with Federal Rule of Criminal Procedure 6(e)(6), which requires "records, orders, and subpoenas relating to grand jury proceedings" to be kept under seal *only* "to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." The D.C. Circuit has moreover

recognized that "[g]rand jury matters may … lose protection if they are disclosed by a witness before the grand jury or a witness's attorney." *In re Cheney*, 2024 WL 1739096, at *3 (D.C. Cir. Apr. 23, 2024). Once "the matters have already been publicly disclosed," "[c]ourts may unseal records containing matters occurring before a grand jury." *Id.*

Disclosure of the briefing and orders regarding the government's NDO would not reveal grand-jury matters. As noted above, the government's grand jury investigation, and its efforts to obtain some of the very same subscriber information at issue here, has already been publicized. *See supra* pp.5-6. And now that the NDO has been vacated, there is nothing to prevent "the existence of the subpoenas themselves" from becoming public as well. *In re Grand Jury Subpoenas*, 2026 WL 1783899, at *11. Public disclosure of the records in this proceeding therefore would not reveal any matter related to a grand jury that the public does not already know. On the other side of the ledger, the public's interest in disclosure of these records is high. *See supra* pp.3-4.

***Factor Five***: Factor five, the potential prejudice to the government, weighs in favor of unsealing for the same reasons. The government's investigation and the very subpoenas at issue are already subject to public disclosure. The government thus cannot show that disclosure of *these materials* will cause prejudice. *See Hubbard*, 650 F.2d at 321 ("The likelihood of prejudice will … depend on a number of factors, including, most importantly, the nature of the materials disclosed.").

***Factor Six***: The final factor, "the purposes for which the documents were introduced during the judicial proceedings," also weighs in favor of unsealing. Courts applying *Hubbard* have recognized that "the more relevant a [record] is to the central

claims of the litigation, the stronger the presumption of unsealing [it] becomes." *United States v. Harris*, 204 F. Supp. 3d 10, 17-18 (D.D.C. 2016); *accord Cable News Network, Inc. v. FBI*, 984 F.3d 114, 120 (D.C. Cir. 2021) ("When a sealed document is considered as part of judicial decisionmaking, the sixth factor will oftentimes carry great weight."). As noted above, the Eighth Circuit has similarly held that "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *IDT Corp*, 709 F.3d at 1224 (quotation marks omitted). Here, there is no question the filings Google seeks to unseal "were relevant to the motion" at issue and that "the court considered the information" in them when it ruled on the motion. *Marden's Ark, Inc. v. UnitedHealth Grp. Inc.*, 534 F. Supp. 3d 1038, 1045 (D. Minn. 2021). The records here are thus "subject to the presumption of public access." *Id.*

The *Hubbard* test therefore overwhelmingly favors unsealing the briefing and orders regarding the government's NDO. Courts in this district have held that the presumption of public access mandates unsealing even when only two factors weighed in the movant's favor. *See Schedin v. Ortho-McNeil-Janssen Pharms., Inc.*, 2011 WL 1831597, at *3 (D. Minn. 2011). The Court should therefore unseal the records here.

## II. THE FIRST AMENDMENT PROTECTS PUBLIC ACCESS TO THESE RECORDS

The First Amendment also provides a right of public access that supports the unsealing of the records here. The Supreme Court has "recognized that the public and the press also have a first amendment right of access to certain pre-trial proceedings in

criminal cases." *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 572 (8th Cir. 1988) (citing *Press-Enterprise*, 478 U.S. 1 (1986)). To determine whether public access is protected in a given proceeding, courts ask "'whether the place and process have historically been open to the press and general public'" and "'whether public access plays a significant positive role in the functioning of the particular process in question.'" *Id.* (quoting *Press-Enterprise*, 478 U.S. at 8). Weighing these considerations, the Eighth Circuit held that "the first amendment right of public access does extend to documents" in some proceedings, including "documents filed in support of search warrant applications." *Id.* The First Amendment right of access similarly extends to the records at issue here. Disclosure is therefore warranted, because the government cannot show "a restriction of the first amendment right of public access is necessitated by a compelling government interest" and that keeping the records under seal "is narrowly tailored to that interest." *Id.* at 574.

As the Eighth Circuit has held, judicial records have historically been open to public inspection. *In re Search Warrant*, 855 F.2d at 573 (citing *Nixon*, 435 U.S. at 597-599). The briefing and orders regarding the government's NDO are no different. They arise out of a government request for subscriber information under the Stored Communications Act, which is presumptively subject to public disclosure. *In re Sealed Case*, 144 F.4th 329, 331 (D.C. Cir. 2025). Public access to these records will also play a significant positive role in the adjudication of challenges to unwarranted nondisclosure orders and public oversight of judicial proceedings. *See Truong*, 439 F. Supp. 3d at 1172 ("Transparency is crucial to maintaining public trust in the judiciary.").

Just as the government cannot overcome the common-law right of public access to these records, it cannot satisfy the even more demanding test under the First Amendment. *See Doe v. Public Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) ("common-law standard" is "less demanding" than "First Amendment" standard for access). This Court's vacatur of the NDO eliminates any basis for continued sealing of the briefing and orders regarding the government's NDO. The government therefore cannot show that maintaining these records under seal is narrowly tailored to a compelling interest. As explained above, the "general policies underlying the need for grand-jury secrecy" do not justify continued sealing because disclosure of these records would not reveal any matter before a grand jury. *See In re Grand Jury Subpoenas*, 2026 WL 1783899, at *11; *see supra* pp.5-7.

**CONCLUSION**

The Court should unseal all of the briefing and orders regarding the government's NDO.

Dated: September 3, 2026

Respectfully submitted,

Joseph T. Dixon, III, MN Bar No. 0283903
FREDRIKSON & BYRON P.A.
60 South Sixth Street, Suite 1500
Minneapolis, MN 55402-4400
Tel: (612) 492-7000
Fax: (612) 492-7077
jdixon@fredlaw.com

Ari Holtzblatt*
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000
Fax: (202) 663-6363
Ari.Holtzblatt@wilmerhale.com

Claire Guehenno*
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888
Claire.Guehenno@wilmerhale.com

*Counsel for Google LLC*

*Pro hac vice