[redacted]

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

In Re: Grand Jury Subpoenas 2026R000046-0010, -0019, -0021, -0022, -0023, -0024, -0036, and -0037,

Case No. [redacted]

GOVERNMENT'S RESPONSE TO GOOGLE, INC.'s MOTION TO UNSEAL PROCEEDINGS RE. GOOGLE'S EFFORTS TO VACATE OMNIBUS NON-DISCLOSURE ORDER RE. SUBJECT GRAND JURY SUBPOENAS

**[UNDER SEAL]**

RECEIVED
SEP 18 2026
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

FILED 9/18/2026
KATE M. FOGARTY
JUDGMENT ENTD
DEPUTY CLERK SRD

## RESPONSE TO MOTION FOR UNSEALING ORDER

On September 3, 2026, Google, Inc. filed a motion to unseal the Court records relating to its motions to vacate the January 29, 2026 "omnibus" non-disclosure order ("NDO") that was served along with the subject grand jury subpoenas. On September 4, 2026, the Court directed the Government to respond to the motion. As the Government is focused on responding to approximately 100 motions that are currently pending in the related case of *United States v. Armstrong, et al.*, Case No. 0:26-cr-00025-LMP-DLM, this response will be short of necessity.

## DISCUSSION

On May 5, 2026, Google filed a motion to vacate the NDO on the ground that an "omnibus" NDO was not adequate under applicable law. The Government's counsel advised that it understood omnibus NDO's were typical practice within this District. Nonetheless, for the reasons noted in its response to the motion, the Government withdrew all of the subject subpoenas and advised Google that no response was required. The Government noted that it might later serve new subpoenas, either without an NDO or with a new, more focused NDO. In light of its withdrawal of the subpoenas, the Government considered the motion to vacate moot.

In a later filing, Google persisted with its effort to vacate the NDO based on a First Amendment claim that it should be free to speak with its

accountholders and the public about the matter. In its reply to that request, the Government again relented. Although we initially regarded the motion moot, the Government acknowledged that Google's later filing established a residual First Amendment interest, and the Government stipulated that Google should be relieved from complying with the omnibus NDO. In another filing, Google asked that the NDO be vacated for all purposes, which the Court denied.

In its pending motion, Google now asks that the case-filings be unsealed. The Government regards the pending motion largely as a rerun of its last request to vacate the NDO for all purposes. Moreover, in its initial assessment, the Government did not regard Google as a party with any continuing standing in this matter. The Court has given Google permission to speak freely about the omnibus NDO and the grand jury subpoenas. So, in the Government's view, there is no longer any infringement of Google's First Amendment interests.

In this motion, though, Google asserts a general interest of *the public* to access court records. There certainly is a general First Amendment interest of *the public* to access court records, but that does not apply generally to grand jury proceedings. Moreover, Google's argument is misguided to the extent it assumes the vacatur of the NDO *as to Google* eliminates the need for grand jury secrecy. The Government is also

concerned with Google's premise that relief from the NDO is a one-way ratchet — *e.g.*, since Google is not subject to the NDO, the Court should unseal all related proceedings. The Government's concern regarding grand jury secrecy is still present given that, as we've said in multiple prior filings, the Government still has an ongoing investigation.

Nonetheless, *to the extent that* the Court finds Google's motion does not relate directly to matters that occurred in session before the grand jury *and* is thus properly cabined as a matter "collateral" to those still-secret proceedings, the Government does not oppose Google's motion to unseal the pleadings filed in connection with its challenge to the omnibus NDO. The core grand jury proceedings should, however, remain under seal.

DATED: September 18, 2026.

Respectfully submitted,

DANIEL N. ROSEN
United States Attorney

HARMEET K. DHILLON
Assistant Attorney General

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General

*/s/ Robert J. Keenan*

ROBERT J. KEENAN
Civil Rights Division
U.S. Department of Justice 950
Pennsylvania Ave. NW
Washington, DC 20530
Telephone: (202) 230-2216
E-Mail: robert.keenan@usdoj.gov